In re Anderson.

[Cite as In re Anderson (1978), 55 Ohio App. 2d 199.]

(No. 38985—Decided February 3, 1978.)

Mr. *Eugene Sidney Bayer*, for petitioner.
Mr. *John T. Corrigan*, for respondent.

Day, J. This is an original action in habeas corpus. The petitioner's prayer for the writ was granted. He was brought before this Court pursuant to the writ for determination of the legality of his detention. For reasons assessed below, his detention is contrary to law.

The chronology of the events in this case is crucial to decision. The dates of consequence are these:

(1) *March 9, 1971*—Petitioner plead guilty to aggravated assault (R. C. 2903.12) in the Court of Common Pleas of Cuyahoga County (Case No. 96086) (hereafter "the first case").

(2) *June 2, 1971*—Petitioner was sentenced in the first case and incarcerated.

(3) *October 4, 1971*—Petitioner was released in the first case under a program of shock probation and conditions which included the expiration of probation on October 4, 1976.

(4) *April 2, 1976*—Petitioner was convicted on one count of aggravated robbery (R. C. 2911.01) (Case No. CR 20449) (hereafter "the second case").

(5) *September 9, 1976*—Petitioner was brought back

to Cuyahoga County for a hearing to determine probation violation in the first case.

(6) *October 5, 1976*—The trial court determined that the petitioner was a probation violator in the first case by reason of his conviction in the second.

(7) *July 28, 1977*—The conviction for aggravated robbery in the second case was reversed and the case remanded to Common Pleas Court for further proceedings on the ground that the petitioner had not received a fair trial because of ineffective assistance of counsel. As part of the remand the Common Pleas Court was instructed to consider whether a motion to discharge for lack of speedy trial had been timely filed, *Ohio* v. *Anderson* (Court of Appeals, 8th District, No. 36384, unreported).

(8) *October 11, 1977*—On remand, the trial court considered the second case and found that petitioner had made a timely motion for discharge for lack of a speedy trial. The court ordered that the petitioner be discharged.

(9) *December 23, 1977*—Petitioner was arrested on a capias as a probation violator in the first case.

(10) *December , 1977\**—Petitioner filed a motion for discharge.

(11) *January 24, 1978*—The lower court held a hearing on petitioner's motion for discharge. One Phillips, the victim in the second case, testified about an aggravated robbery that occurred on October 11, 1974.

The most critical date in this chronology is October 5, 1976. On that date, petitioner had paid his debt to society under the sentence in the first case unless his conviction on April 2, 1976, had tolled his probation period, R. C. 2951.07. If the period had not tolled, then the violation hearing took place at a time after probation had ended. The consequence is that the sentencing court no longer had jurisdiction over petitioner even though the probation violation proceedings can be said to have been instituted on September 9, 1976, when the petitioner was brought back to Cleveland for a probation violation hearing.

The running of the probation period in the first case

---

*Date of the motion does not appear in the record.

did not toll with the conviction on April 2, 1976, in the second case. When this court reversed and remanded the conviction of April 2, 1976 (CR 20449, *Ohio* v. *Anderson, supra*), it placed the petitioner in the position of one not convicted. The defendant, then, was clothed with the presumption of innocence.

The trial judge could not have foreseen the reversal and, therefore, acted in good faith when he had the prisoner returned to Cuyahoga County for the violation hearing. No doubt he considered that probation had been tolled by the conviction in the second case. However, the legal effect of the reversal, the remand, and the discharge for lack of a speedy trial was to render the conviction in the second case a nullity. Because it was a nullity, it did not extend the probation time. All action taken in connection with the probation violation grounded on the second conviction was outside the jurisdiction of the sentencing court, *cf. Ohio* v. *Wynn* (Court of Appeals, 8th District, unreported).

*Padavick* v. *Cleveland Heights* (1973), 34 Ohio St. 2d 15, 16, does not posit an available procedure under the post-conviction remedy statute for the present case. The relevant section, R. C. 2953.21, by its terms applies only to void or voidable judgments. Under the facts here so much time had passed that when evidence of probation violation was heard, the matter was no longer in a post-conviction time frame. Rather, the sentence in the first conviction was over and done. Petitioner is being held under a *satisfied* judgment, not a void or voidable one. It follows that the petitioner is entitled to relief in habeas corpus from his current incarceration because he is serving under an order which the mandating court had no jurisdiction to issue.

The Sheriff having produced the petitioner in this court pursuant to the Writ of Habeas Corpus, the writ is discharged. Upon the evidence the petitioner is entitled to further relief. His incarceration is without authority of law, and he is, therefore, ordered discharged forthwith.

*Petitioner discharged.*

STILLMAN and JACKSON, JJ., concur.