474 So.2d 1274 (1985)
Harold ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 83-2497, 84-2571.
District Court of Appeal of Florida, Third District.
September 10, 1985.
*1275 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Harold Robinson appeals from the revocation of probation in Case No. 84-2571 and his convictions of robbery, kidnapping, and sexual battery in Case No. 83-2497. For the reasons which follow, we reverse and remand with directions to discharge the defendant in Case No. 84-2571 and direct a new trial in Case No. 83-2497.
The claimed error with respect to the violation of probation presents issues identical to those presented to our sister court in Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). We agree with our sister court that a trial court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which has occurred during the term of probation unless, during such term, appropriate steps were taken to revoke or modify. See Clark, 402 So.2d at 44, and cases cited therein. We also agree that the filing of new substantive charges on the affidavit of probation after the expiration of the probationary period is untimely and that the trial court has no jurisdiction to consider the new charges. See Clark, 402 So.2d at 44-45. The state concedes that the technical violations, which were timely filed, were not proved at the time of trial/hearing and, therefore, on remand we direct that the defendant be discharged on the probation case.
Before commencement of the trial, the state moved to consolidate the probation violation hearing and the trial of the substantive charges. The defense refused to stipulate to such a consolidation. Nevertheless, over defense objection, the trial court permitted the consolidation of the state's cases in the two proceedings. At the conclusion of the state's case in chief in the jury trial and again over the defendant's objection, the cases were severed and the defendant was required to proceed with his defense on the probation violation charges. The defendant declined to present any defenses. Defense counsel explained that he had not had an opportunity to prepare a separate defense on the probation violation charges. The trial court found the defendant in violation of probation on each of the counts alleged in the affidavit and adjudicated him guilty of the two felony charges for which he had been placed on probation. The jury trial was then reconvened.
The state candidly conceded at trial that the sole reason for requesting this somewhat unorthodox procedure was to provide a basis for impeaching the defendant during *1276 the course of the defense of the substantive charges. The defendant, who had no prior criminal record at the commencement of the trial, was now burdened with two convictions at the time he was required to put on his defense before the jury.
By requiring the defendant to confront simultaneously two fact-finders in two essentially separate proceedings, the trial court committed fundamental due process error. In State v. Spratling, 336 So.2d 361, 364 (Fla. 1976), the Florida supreme court held that "[i]n the absence of a stipulation or consent, the trial of the criminal case should not be construed as a probation revocation hearing but can be treated as such upon stipulation or consent made before or after the trial." In the instant case, defense counsel refused to consent to the consolidation and, thus, the trial court's actions were improper. Cf. Ferguson v. State, 372 So.2d 209 (Fla. 3d DCA 1979).
Even if the cases had been properly consolidated, reversal would nonetheless be required in view of the fact that the basis for impeachment is no longer viable. We accordingly remand Case No. 83-2497 for a new trial. In view of the remand, we need not consider the other issues raised.
Reversed and remanded with directions.