THE STATE OF OHIO, APPELLEE, *v.* CARREKER, APPELLANT.

(No. CA 2308—Decided July 30, 1987.)

*Stephen A. Schumaker,* prosecuting attorney, and *David E. Smith,* for appellee.

*Jamie O. Skogstrom,* assistant county public defender, for appellant.

KERNS, P.J. In August 1984, the defendant, Robert Carreker, was convicted of trafficking in drugs, after which he was given a suspended sentence of two years and placed on probation for a period of three years. In May 1985, Carreker was arrested for aggravated burglary, and at that time, an affidavit charging him with a violation of the terms of his probation was filed in the Court of Common Pleas of Clark County. In July 1985, the defendant entered a plea of guilty to the aggravated burglary charge, and he was sentenced to a prison term of ten to twenty-five years. However, no action was taken on the probation violation.

In January 1986, defense counsel filed a demand for a hearing on the charge, but no action was taken on the motion. Then, on December 12, 1986, after a motion to dismiss the charge had been filed by the defense, a hearing was conducted by the trial court on the matter. As a result of the hearing, Carreker's probation was revoked and his suspended sentence invoked, and he was thereupon ordered to serve the two-year sentence consecutively to the sentence which had been imposed for the aggravated burglary.

In the present appeal from the revocation of probation and imposition of sentence, Carreker has set forth his only assignment of error as follows:

"The trial court erred by failing to immediately bring the appellant to

hearing on an application to revoke probation."

In support of the alleged error, the appellant relies upon R.C. 2951.02 which provides, in pertinent part, as follows:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation * * *."

It may be noted that this statutory provision, for the most part, has been superceded by Crim. R. 32.3, but in any event, the summary revocation procedure described in R.C. 2951.09 conflicts with the due process requirements enunciated in *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778. And although there is no applicable statute or rule establishing a definite time within which a revocation hearing must be held, several courts have suggested that concerns of fundamental fairness impose a requirement of reasonable diligence in the disposition of such proceedings. *United States* v. *Tyler* (C.A. 5, 1979), 605 F. 2d 851; *State* v. *Berry* (1980), 287 Md. 491, 413 A. 2d 557; *People* v. *Miller* (1977), 77 Mich. App. 381, 258 N.W. 2d 235; *Commonwealth* v. *Smith* (1979), 266 Pa. Super. 234, 403 A. 2d 1326. Moreover, it has been held that reasonableness, in such matters, must be dictated by the particular circumstances of each case. *State* v. *Berry, supra.*

In this case, almost one and a half years elapsed between the aggravated burglary conviction and the revocation of probation, but the record also discloses that the violation, the charge, the hearing, and the revocation all occurred well within the probationary period originally imposed in connection with the trafficking charge. See *State* v. *Simpson* (1981), 2 Ohio App. 3d 40, 2 OBR 44, 440 N.E. 2d 617; *In re Anderson* (1978), 55 Ohio App. 2d 199, 9 O.O. 3d 346, 380 N.E. 2d 368. More significantly, it is apparent from the record that no prejudice to the appellant ensued from the lengthy delay because he was already serving time on the aggravated burglary conviction when the consecutive sentence of two years was imposed in conjunction with the probation violation. R.C. 2929.41(B)(3). Under such circumstances, the failure to promptly provide a hearing resulted in no additional loss of liberty or any other demonstrable deprivation of rights. *Moody* v. *Daggett* (1976), 429 U.S. 78; *Sutherland* v. *McCall* (C.A. D.C. 1983), 709 F. 2d 730.

Although the record in this case offers no explanation for the lengthy delay, neither does it portray any prejudicial error or fundamental unfairness. Hence, the assigned error must be overruled.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.