IN RE MCCLUNG.

(No. 4069—Decided August 8, 1988.)

*Daniel N. Gerin,* for petitioner.

*Dennis Watkins,* prosecuting attorney, and *Thomas Gysegem,* for respondent.

*Per Curiam.* This is an original action in habeas corpus presently before this court for final determination. The parties have submitted a stipulation of the facts in the matter, a summary of which follows.

On November 3, 1987, relator Orvell E. McClung, Jr. entered a plea of "no contest" to charges of violating R.C. 2917.32, making false alarms. Relator was accordingly fined and sentenced to one hundred eighty days in jail, one hundred twenty of which were suspended. On April 4, 1988, relator entered the Trumbull County Jail to serve the sentence.

On April 15, 1988, relator filed a motion for early release with the Girard Municipal Court. Pursuant to an earlier agreement, the court prosecutor did not oppose the motion. Sitting for Judge Anthony Bernard, Judge Michael Bernard granted the motion and relator was released two days later. However, on May 3, 1988, relator was rearrested pursuant to a bench warrant issued by Judge Anthony Bernard, and was again incarcerated in the Trumbull County Jail.

On May 4, 1988, relator filed a petition for a writ of habeas corpus with this court. The petition stated that respondent, the Trumbull County Sheriff, was unlawfully detaining relator in the county jail pursuant to an invalid bench warrant. Based upon these allegations, this court granted the writ and also ordered that relator be released on bond, pending the final determination of the matter.

The facts as presented in the stipulation support relator's contention that he was being unlawfully confined in the

county jail. Relator was discharged pursuant to a valid court order. Although still under the court's jurisdiction for probation purposes, relator had served the time required under the court order and could not be imprisoned again for the same offense.

Generally, the issues which can be properly raised in a habeas corpus proceeding concern a court's jurisdiction to render a judgment. *In re McTaggart* (1965), 4 Ohio App. 2d 359, 33 O.O. 2d 447, 212 N.E. 2d 663. If the question merely involves an alleged error by a court which had jurisdiction over the matter, then the proper mode of review is an appeal. But when a person's liberty is restrained pursuant to a void judgment, a writ of habeas corpus is appropriate.

The issue raised in the present case clearly concerns the municipal court's authority to issue the bench warrant. Under R.C. 1901.10, an acting judge is vested with the same jurisdiction and power which the elected municipal court judge has. Accordingly, the order of Judge Michael Bernard granting the motion for early release must be given the same presumption of regularity which attaches to all court proceedings. *Yarbrough* v. *Maxwell* (1963), 174 Ohio St. 287, 22 O.O. 2d 341, 189 N.E. 2d 136. Pursuant to R.C. 2929.51(D)(1), a court can suspend the sentence imposed for a misdemeanor any time after sentencing.

The bench warrant subsequently issued by Judge Anthony Bernard stated that relator had been released in error and was required to serve the balance of the original sentence. Thus, the court sought to incarcerate relator on the prior conviction even though he had been discharged under the early release motion. The court's action does not constitute a violation of relator's right against double jeopardy, but is nonetheless invalid because the court no longer had jurisdiction over the matter. See *In re Petition for Mallory* (1985), 17 Ohio St. 3d 34, 17 OBR 28, 476 N.E. 2d 1045; *In re Anderson* (1978), 55 Ohio App. 2d 199, 9 O.O. 3d 346, 380 N.E. 2d 368.

In a habeas corpus proceeding, the person seeking the writ has the burden of proof. *Yarbrough, supra.* Relator has met this burden in this action since the stipulated facts support his contention. Although this point does not relieve relator of his burden, it should also be noted that no return was filed which gave a justification for the incarceration, which is required under R.C. 2725.14.

This court finds that the Trumbull County Sheriff's detention of relator under the bench warrant issued by the Girard Municipal Court is illegal. Accordingly, the writ was properly granted and the bond should be released.

*Writ granted.*

FORD, P.J., COOK and CHRISTLEY, JJ., concur.