Karl William DREIMAN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 91–80.

Supreme Court of Wyoming.

Jan. 31, 1992.

Leonard D. Munker, State Public Defender, David Gosar, Appellate Counsel, and Deborah Gabriel, Legal Intern, argued, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Hackl, Deputy Atty. Gen., Jennifer L. Gimbel, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., argued, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

Appellant Karl Dreiman was convicted of burglary and sentenced to three to five years in prison. The sentence was suspended, and he was placed on three years probation. Appellant appeals the judgment and sentence claiming insufficient evidence of intent to steal at the time of entry necessary for a burglary conviction.

We affirm the conviction and remand the sentencing orders for corrections.

Appellant presents the following issues for our determination:

"I. Was the evidence sufficient to convict Appellant of burglary or did the evidence merely support criminal entry?

"II. Was the Appellant denied his right to a fair trial when the court below gave an improper jury instruction?

"III. Was the Appellant denied his right to a fair trial by improper comments made by the prosecution during closing arguments?

"IV. Were restitution and victims compensation assessments ordered in violation of the law?"

The Wyoming burglary statute, W.S. 6-3-301 (1988), provides:

"(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with *intent to commit larceny* or a felony therein." (emphasis added)

The larceny statute provides:

"A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny." W.S. 6–3–402(a).

## FACTS

Appellant and Jayne Goit began dating during October 1989. Eight months later, Ms. Goit informed appellant that she no longer wished to see him. Appellant refused to accept the end of the relationship. He telephoned, contacted, and just would not stay away from Ms. Goit. She changed to an unlisted phone number to prevent appellant from calling her. Still, appellant continued the harassment. He came to her trailer uninvited and became violent on at least two occasions. Ms. Goit called the sheriff on one of those occasions. Appellant's obsession for Ms. Goit culminated on September 7, 1990.

On that night appellant entered her dwelling through an unlocked window after checking to make sure she was not home. While he was in the dwelling, he copied down her unlisted phone number, her social security number and her insurance policy numbers. Appellant took a photograph of Ms. Goit's new boyfriend, photos of her children, and some letters that appellant had written to her, a personal calendar, and her house and automobile keys. Appellant made copies of the calendar and keys and thereafter returned the original car and house keys and calendar to Goit's dwelling. Before leaving, Dreiman crawled underneath Goit's trailer and° cut a phone wire.

Appellant's roommate discovered the stolen and copied items and advised Ms. Goit about them. Ms. Goit informed the police of the situation.

On October 2, 1990, appellant was arrested and charged with burglary for violating W.S. 6–3–301(a). He was tried before a jury and found guilty. Appellant timely filed this appeal from his conviction.

## SUFFICIENCY OF THE EVIDENCE

Appellant first challenges his conviction on the basis that the evidence was insufficient to convict him of burglary. We examine his claim using this court's standard of review for sufficiency of the evidence:

" '[T]his court must determine whether, after viewing the evidence and appropriate inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt.' " *Jennings v. State*, 806 P.2d 1299, 1302 (Wyo.1991) (quoting *Munson v. State*, 770 P.2d 1093, 1095 (Wyo.1989)).

In order for a defendant to be found guilty of burglary, the State must prove that a person 1) entered a building without authority, 2) with the intent to commit larceny or a felony. It is this second statutory element which is at the center of disagreement in this case. It is also the element which distinguishes burglary from criminal entry and makes burglary a specific intent crime. *Mirich v. State*, 593 P.2d 590, 592–93 (Wyo.1979).

Appellant testified under oath that he entered Ms. Goit's dwelling without authority. Therefore, the crucial issue to resolve is whether appellant had the specific intent to commit larceny when he entered and was therefore guilty of burglary. Accordingly, we must determine whether appellant had the intent to deprive Ms. Goit of her "property" when he unlawfully entered her dwelling. We note that "direct evidence is not necessary to prove intent to steal since '[p]roof of intent is not a precise process.' " *Jennings*, at 1303 (quoting *Mirich*, at 593). In addition, the amount of proof from which "a jury is permitted to draw the required inference of intent to steal is dependent upon the totality of the circumstances." *Jennings*, at 1303.

Appellant argues that he did not have the "[s]pecific intent to commit larceny for stealing her keys" or her calendar because he returned the keys and the calendar after he copied them. Thus, Ms. Goit's keys and calendar were not stolen, they were borrowed and returned. Ms. Goit still had her keys and calendar. Appellant, however, now also had them. Appellant knew she would not have wanted him to have the keys or calendar. Copying those keys, therefore, was taking something from her and depriving her of her right to have exclusive access to her trailer house and automobile.

Unauthorized copies of a person's keys diminish the value of the original keys—keeping unwanted persons out of the trailer. In other contexts it has been said that " '[p]roperty in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself.' " *Labberton v. General Casualty Co.*, 53 Wash.2d 180, 332 P.2d 250, 255 (1958) (quoting *Gasque v. Town of Conway*, 194 S.C. 15, 8 S.E.2d 871, 873 (1940)).

In *People v. Parker*, 217 Cal.App.2d 422, 31 Cal.Rptr. 716, 717 (1963), a person was convicted of attempting to receive stolen property when he arranged a scheme to copy an advance telephone directory supplement. The appellant argued that since he was merely photocopying the supplements he "did not have the intent to deprive the telephone company of property, either temporarily or permanently, and therefore there was no theft[.]" *Id.*, 31 Cal.Rptr. at 719. The court held that the supplements were property and were properly the subject of theft even though they were being returned after they were copied. *See also Williams v. Superior Court of Los Angeles County*, 81 Cal.App.3d 330, 146 Cal.Rptr. 311 (1978); *People v. Dolbeer*, 214 Cal.App.2d 619, 29 Cal.Rptr. 573 (1963). In *Williams*, 146 Cal.Rptr. at 317, the court held "[t]he original documents comprising the June Walker file and any *photocopies* thereof * * * were property subject to theft." (emphasis added) Thus,

although the owner may retain possession of the original property, there has been nevertheless a deprivation of property when a copy is made and retained by another. The copies of the car and house keys and the personal calendar constituted sufficient evidence from which the jury could infer that appellant had the specific intent to steal when he unlawfully entered Ms. Goit's dwelling.

When appellant entered Ms. Goit's home he also, without removing physical property from the trailer, copied down her unlisted phone number, her social security number and her insurance policy number. Appellant argues that this type of information is not "property" of which appellant was permanently deprived and, therefore, is not the proper subject of a burglary charge. As defined, "deprive" is "[t]o withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value * * *." W.S. 6–3–401(a)(ii)(A) (1988).

Appellant contends that the definition of "deprive" in the larceny statute does not reach this case where only information is taken because that definition requires that it have economic value. Appellant argues, without citation, that this information—a phone number, information from a calendar, social security and insurance numbers—has no economic value and, therefore, is not property which can be taken.

Information has been held to be property and a subject of theft in several criminal contexts. For example, names of DEA agents in secured files were held to represent a property interest. *United States v. Girard*, 601 F.2d 69, 71 (2d Cir.1979). In *Girard*, defendants challenged their conviction under a federal statute which prohibited the unauthorized sale of government property by arguing that the statute applied only to tangible property or documents. The Second Circuit held that the statute was violated by the sale of information. *Id.*

■ Clear legislative intent does not permit burglary and larceny statutes to be construed so narrowly as to preclude con-

viction for theft of information. Were it so, conduct such as that in *Girard* would go unprosecuted. *See also People v. Kunkin*, 9 Cal.3d 245, 107 Cal.Rptr. 184, 507 P.2d 1392, 57 A.L.R.3d 1199 (1973) (the court assumed without deciding that copies of a list of undercover narcotics agents was property); *Williams v. Superior Court of Los Angeles County*, 146 Cal.Rptr. 311, 317 n. 6 (App.1978); *United States v. Grossman*, 843 F.2d 78 (2d Cir.1988) (information as the "property" taken in mail fraud prosecution (citing *Carpenter v. United States*, 484 U.S. 19, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987)).

Phone numbers have been recognized in different contexts as property, and a person's interest in keeping their unlisted number private has also been recognized. *See In re Fontainebleau Hotel Corp.*, 508 F.2d 1056, 1059 (5th Cir.1975) (in bankruptcy proceeding, a phone number was held to be "property"); *Washington v. Stone*, 56 Wash.App. 153, 782 P.2d 1093, 1096 (1989) (in the context of review of a search warrant, "[a]n individual's privacy interest in his unpublished telephone listing is constitutionally protected because his expectation of privacy is demonstrated by his specific request that the information not be published.").

■ This interest in keeping information confidential and private is especially apparent in this case. Ms. Goit obtained an unlisted phone number because she did not want appellant to call her and bother her. Appellant admits that the reason he unlawfully entered her dwelling was to obtain her unlisted phone number. Since her unlisted phone number was property and he intended to take it from the very moment he began to enter her dwelling, there was sufficient evidence of his intent to commit larceny, and the jury could properly convict appellant of burglary.

■ Finally, glossed over by appellant and not emphasized by the State is that appellant actually *did steal and keep* some of Ms. Goit's property. Appellant stole and kept a photo of Ms. Goit's new boyfriend, photos of her children, and letters belonging to Ms. Goit which appellant had written

to her. This court has recognized that " '[t]he most significant and material evidence of defendant's guilt is his possession of the stolen property. Possession is a strong circumstance tending to show guilt and only slight corroborative evidence of other inculpatory circumstances is required.' " *Downs v. State*, 581 P.2d 610, 615 (Wyo.1978) (quoting *Newell v. State*, 548 P.2d 8, 13 (Wyo.1976)). *See also Jennings*, at 1303. Appellant having taken and kept the pictures and letters supports our conclusion that the intent to take and carry away property existed at the time of entry, and therefore appellant was lawfully convicted.

In sum, there was sufficient evidence for the jury to have convicted appellant of burglary. The tangible property, the information, and the copies of the keys and calendar were all sufficient evidence for the jury to find that appellant had the specific intent to deprive Ms. Goit of her property and commit a larceny when he unlawfully entered her home.

## LESSER–INCLUDED OFFENSE

■ In *Eagan v. State*, this court ruled that "if the evidence is as consistent with guilt of a lesser crime as it is with the guilt of a higher, the conviction should be of the lesser." *Eagan*, 58 Wyo. 167, 128 P.2d 215, 225 (1942). The rule applies where the prosecution relies on a statement of the defendant to establish one of the necessary elements of the crime charged. *Eagan*, 128 P.2d at 225. Appellant claims that there is an *Eagan* problem because his testimony as to his intent was uncontroverted and, therefore, he should have been convicted of criminal entry rather than burglary. As discussed, entering at night, together with the items copied, the information taken, and the items actually stolen, all support the inference that appellant possessed the specific intent to deprive Ms. Goit of her property required for burglary. Appellant's testimony was not uncontradicted as claimed, and *Eagan*, therefore, does not apply.

## IMPROPER JURY INSTRUCTION

█ The district court instructed the jury as follows:

"You are instructed that when a person breaks into the property of another in the nighttime when he has knowledge of its contents, you may infer that he did so with the intent to commit a larceny."

Appellant contends that instruction number seven was improper because the information was not property. We have heretofore discussed this claim. Our holding that this property was covered under the burglary and larceny statutes resolves the claim. There was no error in this instruction.

Appellant also argues that instruction number seven was improper because it attempted to rule on intent as a matter of law and confused the jurors because they could not tell the difference between a presumption and an inference. Appellant is incorrect. The instruction provides only that the jury "may infer." It is not mandatory. It provides no presumption. *See United States v. Vreeken*, 803 F.2d 1085, 1092 (10th Cir.1986); *Sandstrom v. Montana*, 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). The instruction is a correct statement of law as found in *Mirich. Mirich*, at 593.

When instruction number seven is viewed in conjunction with the entire charge, it did not shift the burden of proof to the defendant since other instructions covered the burden of proof, proof of intent and the lesser-included offense. Instruction number seven was proper and, in context with the other instructions, did not deprive the defendant of a fair trial.

## IMPROPER REMARKS IN CLOSING

█ Appellant argues that the prosecutor's closing argument was unfair. Since appellant made no objection to this argument at trial, it must be reviewed under the "plain error" standard. *Browder v. State*, 639 P.2d 889, 895 (Wyo.1982). In order to prove plain error, three elements must be established:

"First, the record must clearly show what occurred at the trial without resort to speculation. Second, the existence of a clear and unequivocal rule of law must have been violated in an obvious way. And finally, this violation must have adversely affected some substantial right of the accused." *Id.* at 895; *see also McLaughlin v. State*, 780 P.2d 964, 971 (Wyo.1989).

In addition, when we review an allegation of plain error, we must view the facts of the case and the trial record as a whole and not any one single incident standing alone. *Browder*, at 895.

█ Appellant claims that the prosecutor misstated the law when he argued about intent relative to entering a hardware store. The prosecutor argued as follows:

"And you just can't decide one day, I think I'll walk into this hardware store, no, I don't intend to steal anything, and you go in there and you clean the place out. And you say, oh, I didn't have the intent to steal when I went in, but you clean them out, strip them clean. That's not going to sell. Common sense tells us that's no good."

We do not find a violation of a clear and unequivocal rule of law, nor any error in this comment. It was argument, pure and simple, to refute the defendant's explanation of his intent. Appellant also claims that the prosecutor misstated the law because the items taken did not fall within the burglary or larceny statute. This argument has been previously addressed in this opinion. We did not find it helpful to appellant on the first issue, nor do we find it helpful to him here.

█ Appellant also contends that the prosecutor made an improper attack on defense counsel by characterizing a defense argument as a "technicality." The prosecutor made the following remark in his closing argument:

"Now, it's only when we get to court and counsel gets bogged down in the technicalities of, was it a burglary here or not. * * * So this is something that comes up later on in this case when we find a nice little technicality * * *."

Appellant draws more meaning from the use of the word "technicality" than the jurors likely did. This remark did not steer the jury from its proper course and does not satisfy the plain error requirement that "a clear and unequivocal rule of law must have been violated in an obvious way" and the violation "adversely affected some substantial right of the accused." *Browder*, at 895, *see also Johnson v. Lynaugh*, 821 F.2d 224, 226 (5th Cir.1987). In sum, the prosecutor's closing argument did not deprive appellant of a fair trial.

## RESTITUTION AND VICTIMS COMPENSATION ASSESSMENTS

Appellant's sentence was suspended in favor of probation and the following conditions were placed on his probation:

"10. Karl Dreiman shall make complete restitution in the amount of $273.52 for any items not returned or damage done as a result of this offense, according to a plan to be prepared by the Department of Probation and Parole and submitted to the Court for approval;

"11. Karl Dreiman shall pay to the Victim's Compensation Fund, as required by W.S. 1–40–119(a), 1977 Republished Edition, the sum of $500.00 by cash, certified check or money order payable to the Clerk of the District Court, Third Floor, County Building, Cheyenne, Wyoming; Karl Dreiman shall be required to pay the amount of $50.00 within ten (10) days from the date of this hearing. The remaining balance of $450.00 shall be paid within his probationary period, according to a plan to be prepared by the Department of Probation and Parole[.]"

## RESTITUTION

A scheme for computation of the proper restitution is found in W.S. 7–9–103 (1987). Restitution is to be paid for "damage resulting from the defendant's criminal activity[.]" W.S. 7–9–103(a) (1987). For purposes of restitution, "criminal activity" is defined as "any crime for which there is a plea of guilty, nolo contendere or verdict of guilty upon which a judgment of conviction may be rendered and includes any other crime which is admitted by the defendant, whether or not prosecuted[.]" W.S. 7–9–101(a)(i) (1987).[1]

■ Appellant contends that the restitution assessment did not satisfy the statutory requirement that it be based on "criminal activity." First, he argues that he did not cause the damage to Ms. Goit's heat duct and, therefore, should not have to pay for the repairs to the heat duct and the heat tape. The State concedes that the damage to the heat duct was not due to appellant's criminal activity. Therefore, the restitution amount of $273.52 was in error. The cost of repairing the heat duct, including the heat tape, should be subtracted from the restitution order.

■ Appellant argues that it was improper for the district court to order restitution without a reasoned inquiry into the defendant's ability to pay. We addressed this same issue in *Seaton v. State*, 811 P.2d 276 (Wyo.1991). The inquiry into the defendant's ability to pay was found to be sufficient in *Seaton* in part because there is no statutory requirement that the district court determine ability to pay at the time of sentencing. *Seaton*, at 281. Therefore, although the district court's inquiry into the defendant's ability to pay was minimal, we find it sufficient because there is no statutory requirement that ability to pay be inquired into at the time of sentencing. *Seaton*, at 281.

■ Appellant also contends that he should not have to pay for Ms. Goit having her locks changed in June because his criminal activity of September 7, 1990, did not necessitate having her locks changed in June of 1990. However, restitution for changing the locks was proper. Ms. Goit had her locks changed in June also as a result of appellant's criminal activity. This was "criminal activity" that he admitted to under oath and, therefore, the restitution amount for having her locks changed in June and October was proper.

1. Wyoming Statutes 7–9–103 and 7–9–101 were amended, effective July 1, 1991.

Appellant also contests the ordered Victims Compensation Assessment of $500.00. He argues that the district court exceeded its statutory authority by ordering the payment of $50.00 within ten days of the sentencing hearing and then ordering the balance to be paid over the probationary period. The State concedes that this order is indeed beyond the authority of the district court because of this court's holding in *Seaton*, at 281–82. The Victims Compensation statute "contains no provision vesting discretion in the sentencing court with respect to extending the time for payment of this surcharge." *Seaton*, at 282. Therefore, the district court order should be modified to a Victims Compensation surcharge of $50.00. The appellant should be reimbursed for payments in excess, if any. The order of judgment and sentence from the district court should also be corrected to reflect that appellant was convicted by a jury.

## CONCLUSION

In short, this is a case of first impression and may also be a case of last impression. It is indeed rare for property to be copied and returned in the course of a burglary. However, the unique facts do not avoid application of the burglary statute nor do any of the issues raised by appellant avoid his conviction.

Conviction affirmed, and case remanded for corrections in sentencing provisions consistent with this opinion.