Steven **BRUNSVOLD**, Appellant (Defendant),

v.

The **STATE of Wyoming,** Appellee (Plaintiff).

No. 93–15.

Supreme Court of Wyoming.

Nov. 23, 1993.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Thomas A. Thompson,

Student Director, and Aaron Phillips, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

In this case, we address and resolve the question whether a district court in a criminal case has jurisdiction to order repayment to the defendant of payments made into the Crime Victims Compensation Fund or to adjust the terms of probation after the defendant has been discharged. The appellant, Steven Brunsvold (Brunsvold), during his probation, filed a motion seeking return of money improperly paid to the Crime Victims Compensation Fund, relying upon the decisions of this court in *Dreiman v. State*, 825 P.2d 758 (Wyo.1992), and *Seaton v. State*, 811 P.2d 276 (Wyo.1991). After presenting his motion for refund of the money paid, Brunsvold succeeded in obtaining a discharge from his probation from another district judge. Subsequent to Brunsvold's discharge, the original judge ordered refund of the moneys paid and, when the administrator of the Crime Victims Compensation Fund did not refund the money, Brunsvold sought a contempt citation. The district court then rescinded its earlier order requiring repayment of the funds, and Brunsvold appeals from that determination. We hold the trial court was without jurisdiction to afford the relief sought by Brunsvold.

In his Brief of Appellant, Brunsvold states this to be the issue:

1. Whether the District Court erred by failing to order the refund of payments to the Victim's Compensation Fund in excess of those permitted under Wyoming statutes and this Court's decisions in *Seaton* and *Dreiman.*

In its brief, the State of Wyoming sets forth the issue in this way:

A. Whether the district court properly denied appellant's motion for return of monies paid into the crime victim's compensation fund.

While the parties have presented cogent arguments in their briefs with respect to these issues, we conclude that the issue upon which the case must be resolved is that of jurisdiction, *i.e.:*

Whether a trial court in Wyoming has jurisdiction in a criminal proceeding after the defendant has been discharged from probation.

In March, 1990, Brunsvold was convicted in the district court on two counts of aiding and abetting delivery of a controlled substance pursuant to his pleas of guilty. Following a pre-sentence investigation and the appropriate report to the court, Brunsvold was sentenced to a term of not less than one and one-half, nor more than two and one-half, years on each count with the proviso that the sentences be served concurrently. The district court then suspended the execution of the sentence and placed Brunsvold on probation for two years. The trial court ordered Brunsvold to pay restitution to the Department of Criminal Investigation in the amount of $140; to reimburse the Wyoming Public Defender's office in the amount of $164.25 for the services of his state-appointed attorney; and to pay $136.88 to the district attorney's office for the costs of prosecution. In addition, Brunsvold was ordered to pay $5,000 in restitution to the Crime Victims Compensation Fund, with $50 of that amount to be paid within ten days. The remaining balance of the restitution was to be paid during the term of Brunsvold's probation according to a payment plan to be promulgated by the Department of Probation and Parole.

On July 12, 1990, Brunsvold petitioned the district court to extend the term of his probation to five years in order to reduce the amount of his monthly restitution payments. The court granted this motion on July 20, 1990. On April 22, 1991, a petition was filed by the district attorney for revocation of Brunsvold's probation. At the hearing on that petition, Brunsvold admitted he had consumed alcohol during the

holidays, and he had smoked a joint of marijuana during December, 1990. After the hearing, the district court signed an order, entered on May 21, 1991, revoking Brunsvold's probation and then reinstating him on probation for a period of five years beginning May 15, 1990. On April 17, 1992, a second petition for revocation of Brunsvold's probation was filed. The district court, as it had before, revoked probation and reinstated Brunsvold on probation commencing May 1, 1992. On this occasion, the district court required Brunsvold be admitted to the resident treatment program of Community Alternatives of Cheyenne for a term of six months.

Brunsvold then took the initiative by filing a motion for return of money paid improperly to the Crime Victims Compensation Fund on the obligation for restitution in the amount of $5,000. Brunsvold based this contention on the court's decision in *Dreiman.* He asserted periodic payments he had made into the Crime Victims Compensation Fund were made pursuant to an order that had failed to require payment within ten days as the statute requires and, consequently, those payments were ordered without authority in the law. Subsequently, on August 24, 1992, Brunsvold filed a motion seeking discharge from probation on the ground his probation had been extended to five years only because he was not able to pay the restitution imposed within the original two-year probationary term.

The response from the district attorney's office was another petition for revocation of Brunsvold's probation, filed on September 25, 1992. Prior to any further proceeding with respect to revocation, another district judge discharged Brunsvold from probation by an order entered on September 28, 1992. Only two days later, the district judge who had been handling the Brunsvold case entered an order requiring refund to Brunsvold of the payments he previously had made to the Crime Victims Compensation Fund. That refund was not made, and Brunsvold sought relief on October 15, 1992 by a motion for a contempt hearing urging the court to issue an order to show cause why the State had failed to make the ordered reimbursement. On the same day, Brunsvold filed a petition for a writ of mandamus to require refund of the moneys paid from the administrator of the Crime Victims Compensation Fund. The court did enter an order to show cause and, after a hearing on October 23, 1992, the district judge rescinded the earlier order for refund from the Crime Victims Compensation Fund. Brunsvold appealed from this latter order.

The question of the subject matter jurisdiction of the district court may be raised by this court on its own motion. We have done that because, in our judgment, the resolution of this case depends upon the jurisdiction of the court. The absence of subject matter jurisdiction in a trial court or an administrative agency cannot be waived, and any party, or the court itself, can challenge that jurisdiction at any time. *See, e.g., Matter of Various Water Rights in Lake DeSmet Reservoir,* 623 P.2d 764 (Wyo.1981); *Merritt v. Merritt,* 586 P.2d 550 (Wyo.1978); *Gardner v. Walker,* 373 P.2d 598 (Wyo.1962).

We do not find any prior case in Wyoming that matches the rather convoluted procedural facts of this case. We hold, as of the time the district court dealt with Brunsvold's motion, it had no further jurisdiction in the criminal case. *Lackey v. State,* 731 P.2d 565 (Wyo.1987). In this regard, we also rely upon persuasive authority from sister jurisdictions defining the jurisdictional limitations of a trial court in dealing with probationers. *See, e.g., Keller v. Superior Court in and for Maricopa County,* 22 Ariz.App. 122, 524 P.2d 956 (1974); *Burney v. State,* 577 So.2d 722 (Fla.Ct.App.1991); *Robinson v. State,* 474 So.2d 1274 (Fla.Ct.App.1985); *Kiser v. Commonwealth,* 829 S.W.2d 432 (Ky.Ct. App.1992); *State ex rel. Peach v. Tillman,* 615 S.W.2d 514 (Mo.Ct.App.1981); *Miller v. Haskins,* 12 Ohio Misc. 164, 230 N.E.2d 694 (1967). While the resolution of these several cases depended upon a determination of when the probation ended as a matter of law, at least equivalent, if not superior, significance must be afforded to the voli-

tional act of the district court in discharging the probationer.

In *Lackey,* we addressed a situation in which the State attempted to revoke probation pursuant to a petition filed after the probationary sentence had ended. This court held the order revoking Lackey's probation must be vacated, and the trial court was directed to enter an order discharging him. The rationale for the decision was that the trial court lacked jurisdiction to revoke probation since the second petition for revocation upon which the court acted was not filed prior to the expiration of the period of probation.

The question presented in *Keller,* under a different statutory requirement, was whether the court had jurisdiction to continue probation revocation proceedings in a situation in which the defendant's probationary term expired after the filing of the petition to revoke, but before the date set for the initial revocation hearing. The Arizona Court of Appeals stated:

> The trial court does not have jurisdiction over a probationer where probation revocation procedures and the imposition of a sentence have not been accomplished prior to the expiration of his term of probation.

*Keller,* 524 P.2d at 958.

The court, therefore, held the petitioner's habeas corpus petition should be granted and ordered his discharge based upon the lack of jurisdiction in the trial court. *Keller.*

The Missouri Court of Appeals in *Tillman* held that, whenever a recipient of a suspended imposition of sentence has complied with his probation terms, the court may discharge him from its jurisdiction. The result was that, after the discharge, a judgment of conviction could not be entered upon the verdict in the case. *See Tillman,* 615 S.W.2d 514.

The Florida Courts of Appeals in both *Burney* and *Robinson* found a trial court has no power to conduct a hearing for violation of probation after the defendant's original probationary term has expired. In *Robinson,* the court expressed it in this way:

> Filing of new substantive charges on the affidavit of probation after the expiration of the probationary period is untimely and * * * the trial court has no jurisdiction to consider the new charges.

*Robinson,* 474 So.2d at 1275; *see also Kiser,* 829 S.W.2d 432; *Miller,* 230 N.E.2d 694.

Considered collectively, all of these cases acknowledge that, when the term of probation has expired, a trial court no longer has any authority to act in the case. As in *Keller,* this can be true even if a timely petition to revoke has been filed prior to the end of the probationer's term, if the sentencing is not accomplished during that same time frame. That is, if the petitioner has been discharged, nothing further can be done. Of course, this rule inures to the benefit of the probationer because any recourse against him for criminal violations, if the revocation of probation has not been accomplished during his probationary term, must take the form of newly-filed charges.

The rule is that the trial court has no jurisdiction after the petitioner has been discharged, whether that be by operation of law or by an order entered by the court. *Lackey.* This rule also must inure to the benefit of the Crime Victims Compensation Fund. The court no longer had jurisdiction in Brunsvold's case. Brunsvold's sentence was completed when the district judge entered the order discharging him from probation and the criminal case was over. It may well now stand as *res judicata.* In any event, both of the orders of the district court entered after the discharge, the one requiring refund and the other rescinding that earlier order relating to the repayment to Brunsvold of the moneys paid to the Crime Victims Compensation Fund, are null and void. The district court had no jurisdiction.

We affirm this case on jurisdictional grounds. It follows, since the trial court had no jurisdiction, this appeal should be dismissed, and we so hold.

Appeal dismissed.