James Jerome JIBBEN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

The STATE of Wyoming,
Appellant (Plaintiff),

v.

David SCHAUB, Appellee (Defendant).

Nos. 94–119, 94–146.

Supreme Court of Wyoming.

Aug. 10, 1995.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, and Deborah Cornia, Assistant Public Defender, for appellant in No. 94–119 and appellee in No. 94–146.

Joseph B. Meyer, Attorney General; Sylvia Lee Hackl, Deputy Attorney General; and Georgia L. Tibbetts, Assistant Attorney General, for appellee in No. 94–119 and appellant in No. 94–146.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

THOMAS, Justice.

In these consolidated cases, we are asked to consider the authority of the State of Wyoming to commence or complete proceedings to revoke probation, pursuant to Wyo. Stat. § 7–13–305(c) (June 1987), after the probationary term has expired. James Jerome Jibben (Jibben), in Case No. 94–119, and David Schaub (Schaub), in Case No. 94–146, contend *Brunsvold v. State,* 864 P.2d 34 (Wyo.1993), stands for the proposition that the State must initiate and complete any proceeding to revoke probation before the end of the term of the probation. In Jibben's case, the petition to revoke probation was filed on the twenty-eighth day after the five years of the original probationary term had elapsed. In Schaub's instance, the petition to revoke probation was filed within the probationary term but, for various reasons, the revocation proceeding was not completed until more than thirty days following the two years specified in the original probationary term. Jibben appeals from the order revoking probation. Schaub's case comes before the court upon certified question from the

district court. When their situations are properly analyzed, neither Jibben nor Schaub had completed his probationary term, and we hold the proceedings were commenced and subject to completion well within the respective probationary terms. In addition, we are satisfied *Brunsvold* is distinguishable from the circumstances presented in this case. We affirm the order revoking Jibben's probation, and answer "no" to the question certified in Schaub's case.

In the Brief of Appellants, the statement of the issue is:

Does *Brunsvold v. State,* 864 P.2d 34 (Wyo.1993), require that a probation revocation proceeding be commenced and completed prior to the time a probationer's probation period expires?

This statement of the issue is identical to the question certified by the District Court for the Third Judicial District in and for Uinta County, upon a joint motion by Schaub and the State of Wyoming (State) for certification. In its Brief of Appellee, the State reiterates the same question as its statement of the issue.

The operative facts to be gleaned from the record in Jibben's case, No. 94–119, are that he offered a plea of *nolo contendere* to a charge of second degree sexual assault in violation of Wyo.Stat. § 6–2–303(a)(v) (1983) on May 1, 1986. Pursuant to a plea agreement, the district court deferred acceptance of Jibben's plea and suspended the prosecution in accordance with the provision then found in Wyo.Stat. § 7–13–301 (1977). Jibben was placed on five years of supervised probation. He later moved to Florida where he was convicted of manslaughter while driving under the influence of intoxicating liquor and, in a second case, of child sexual abuse. These violations were admitted by Jibben in the probation revocation proceeding. The record demonstrates that, after May 1, 1986 and prior to May 1, 1991, Jibben was incarcerated in Florida for at least 619 days. Still, he contended the court was without jurisdiction because the petition to revoke his probation was filed May 29, 1991, twenty-eight days after the completion of his five-year probationary term. In presenting this contention, Jibben specifically relied upon

*Brunsvold.* The district court rejected this argument and sentenced him to a term of not less than one year, nor more than five years, in the penitentiary. Jibben has appealed from the Order After Revocation of Probation Hearing and Conviction Entered, the order imposing sentence.

In Schaub's case, No. 94–146, the district court set forth a Statement of Facts Relevant to the Questions Certified:

1. On June 3, 1992, David W. Schaub appeared before the Court for sentencing pursuant to his previous plea of guilty to one count of Forgery in violation of Section 6–3–602(a)(iii), W.S.1977, as amended.

2. It was the Judgment and Sentence of the Court that the Defendant be sentenced to a term of not less than one (1) nor more than two (2) years in the Wyoming State Penitentiary, said Penitentiary term being suspended and the Defendant being placed on a period of two (2) years supervised probation. On July 30, 1993, the State of Wyoming filed a Motion for Revocation of Probation and requested a Summons be issued calling for the Defendant to appear before the Court and answer the allegations contained within the Motion for Revocation.

3. The Defendant failed to appear before the Court on October 5, 1993, and thereafter on December 23, 1993, the Court entered a Bench Warrant calling for the arrest of the Defendant.

4. Subsequently, the Defendant was arrested and appeared before the Court on June 15, 1994, and denied the allegations of the Motion for Revocation of Probation.

5. Counsel for the Defendant represented to the Court he wished to file a motion to dismiss the probation revocation proceedings pursuant to *Brunsvold v. State,* 864 P.2d 34 (Wyo.1993). Whereupon the parties stipulated that the matter be certified to the Wyoming Supreme Court to determine whether *Brunsvold v. State* mandates that a probation revocation proceeding be held prior to the time a probationer's probationary period expires.

Jibben and Schaub rely upon an assumption that their respective probationary terms

had expired by operation of law. Quite the contrary is true. At the time the probation revocation proceeding was initiated in each case, and at the time the proceeding was completed in Schaub's instance, the probationary term had not expired. Jibben's position depends upon crediting his probationary term with the time he was incarcerated in another jurisdiction. Schaub's position requires he be treated as successfully serving his probation during the time he was refusing to comply with orders of the court to appear. Both of these premises are erroneous.

■ We first address Schaub's case, No. 94–146. The facts articulated in the Certification Order entered in the district court demonstrate the Motion for Revocation of Probation was filed well within the period of probation. A summons was issued for Schaub to appear which he ignored, and a bench warrant was issued, again well within the period of probation. Schaub then was arrested and brought before the district court twelve days after the two-year period of probation otherwise would have expired.

A clear majority of states have either held or recognized that the institution of revocation proceedings prior to the expiration of the term of probation affords jurisdiction to the trial court to revoke probation after the term of probation has expired. *Sherer v. State*, 486 So.2d 1330 (Ala.Crim.App.1986); *Parkerson v. State*, 230 Ark. 118, 321 S.W.2d 207 (1959); *Tiller v. State*, 257 A.2d 385 (Del.Super.Ct.1969); *State v. Gazda*, 257 So.2d 242 (Fla.1971); *People v. Dawes*, 52 Ill.2d 121, 284 N.E.2d 629 (1972); *Gossett v. Commonwealth*, 384 S.W.2d 308 (Ky.1964); *State v. Rome*, 392 So.2d 407 (La.1980); *People v. Hodges*, 231 Mich. 656, 204 N.W. 801 (1925); *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710 (Mo.1977); *Sherman v. Warden, Nevada State Prison*, 94 Nev. 412, 581 P.2d 1278 (1978); *State v. Gibson*, 156 N.J.Super. 516, 384 A.2d 178, *cert. denied*, 78 N.J. 411, 396 A.2d 598 (1978); *State v. Yates*, 58 Ohio St.3d 78, 567 N.E.2d 1306 (1991); *Thompson v. State*, 620 P.2d 422 (Okla.Crim.App.1980); *Bryant v. State*, 233 Or. 459, 378 P.2d 951 (1963); *State v. Taylor*, 111 R.I. 653, 306 A.2d 173 (1973); *State v. Hutto*, 252 S.C. 36,

165 S.E.2d 72 (1968); *Allen v. State*, 505 S.W.2d 715 (Tenn.1974); *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim.App.1977); *State v. Nelson*, 92 Wash.2d 862, 601 P.2d 1276 (1979); and *Mangus v. McCarty*, 188 W.Va. 563, 425 S.E.2d 239 (1992). This rule is especially applicable in an instance in which a warrant has been issued. *Gossett; State ex rel. Lee v. Coker*, 80 So.2d 462 (Fla.1955); *Rome; Sherman; Gibson; Taylor; Hutto; Allen; Lovell v. State*, 223 S.C. 112, 74 S.E.2d 570 (1953); *Mangus;* and *State ex. rel. Cox v. State, Dept. of Health & Social Services*, 105 Wis.2d 378, 314 N.W.2d 148 (1981).

This majority view is consistent with *Kahlsdorf v. State*, 823 P.2d 1184, 1190 (Wyo. 1991), where we said:

> In this case, probation revocation proceedings were initiated on May 15, 1989, when the prosecutor filed a Motion for Revocation and Issuance of a Bench Warrant for appellant's arrest. The trial court issued the bench warrant on the following day, well within the five-year deadline. Thus, the petition for revocation was timely.

Further, if we were to permit Schaub to benefit from his refusal to appear before the district court after being ordered so to do, we would be adopting a rule philosophically inconsistent with *Farbotnik v. State*, 850 P.2d 594, 602 (Wyo.1993), in which we noted defendants should not be encouraged to flee and remain fugitives while awaiting some benefit from the law. The certified question in Schaub's case, No. 94–146, must be answered in the negative.

■ Turning to Jibben's case, No. 94–119, we have noted, during the five-year period of probation, Jibben was incarcerated for the equivalent of one year, eight months and fifteen days. His contention that his term of probation ended by operation of law depends upon his receiving credit against his probationary term for the time he was incarcerated. Contrary to Jibben's contention, we adopt the rule that his term of probation was tolled during the time he was incarcerated. *People v. Davidson*, 25 Cal.App.3d 79, 101 Cal.Rptr. 494 (1972); *In Re Anderson*, 55 Ohio App.2d 199, 9 O.O.3d 346, 380 N.E.2d

368 (1978); *Williams v. State,* 50 Wis.2d 709, 184 N.W.2d 844 (1971); and *Rease v. Commonwealth,* 227 Va. 289, 316 S.E.2d 148 (1984). Without considering whether WYO. STAT. § 7–13–305(d) (1987)[1] should be given retrospective effect, it articulates legislative policy with respect to whether a probationer is to be credited with time while incarcerated against his term of probation. This rule is consistent with our converse rule that one does not receive credit for street time when returned to prison after revocation of parole. *Heffernan v. State,* 824 P.2d 1271 (Wyo. 1992); *McFarlane v. State,* 781 P.2d 931 (Wyo.1989). The Order After Revocation of Probation Hearing and Conviction Entered must be affirmed in this case.

The State, Jibben, and Schaub choose to debate whether *Brunsvold* controls the disposition of these cases. Jibben and Schaub contend probation in each instance had ended by operation of law, and the trial court was without jurisdiction to terminate probation. They read far more into *Brunsvold* than can be justified from a careful reading of that opinion. In *Brunsvold,* the trial court had entered an order discharging Brunsvold from his probation. No such order can be found in either Jibben's or Schaub's case. We have ruled in each instance that the probation had not been terminated by operation of law. Nevertheless, because of the avid interest of the parties, we will explain *Brunsvold.*

*Brunsvold* relies upon *Lackey v. State,* 731 P.2d 565 (Wyo.1987), for the general proposition that a trial court has no further jurisdiction in a criminal case after the expiration of the term of probation. *Lackey* was decided pursuant to WYO.STAT. § 7–13–304 (1977)[2],

the predecessor of WYO.STAT. § 7–13–305 (1987), which was adopted in the next session of the legislature, after *Lackey* was decided:

(a) The period of probation or suspension of sentence under W.S. 7–13–302 shall be determined by the court and may be continued or extended.

(b) Upon the satisfactory fulfillment of the conditions of suspension of sentence or probation under W.S. 7–13–302 the court shall enter an order discharging the defendant.

(c) For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W.S. 7–13–302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.

(d) The time for commencing revocation proceedings shall be automatically extended for any period of time in which the probationer is incarcerated outside this state during the probationary period for the conviction of an offense which is a violation of the conditions of probation, unless the probationer has made a valid request for final disposition under the interstate agreement on detainers, W.S. 7–15–101 through 7–15–106 [§§ 7–15–101 through 7–15–105].

1. WYO.STAT. § 7–13–305(d) (1987) provides:
   The time for commencing revocation proceedings shall be automatically extended for any period of time in which the probationer is incarcerated outside this state during the probationary period for the conviction of an offense which is a violation of the conditions of probation, unless the probationer has made a valid request for final disposition under the interstate agreement on detainers, W.S. 7–15–101 through 7–15–106 [§§ 7–15–101 through 7–15–105].

2. WYO.STAT § 7–13–304 (1977) provided:
   The period of probation or suspension of trial or sentence and the conditions thereof shall be determined by the court and may be

continued or extended. Upon the satisfactory fulfillment of the conditions of suspension of trial or sentence or probation the court shall by order duly entered discharge the defendant. At any time during the period of suspension of trial or sentence or probation, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of trial or sentence. As soon as practicable after the arrest the court shall cause the defendant to be brought before it and may proceed to deal with the case as if no suspension of trial or sentence or probation had been ordered.

The statutory revision added two factors that could be significant in the disposition of these cases. First, the statute clearly provides for the commencement of revocation proceedings within thirty days after the period of probation. Second, the time is extended by any period of time "the probationer is incarcerated outside this state during the probationary period for the conviction of an offense which is a violation of the conditions of probation."

■ Wyo.Stat. § 7–13–305 was not before the court in *Brunsvold.* Neither was the question of whether Brunsvold had been discharged by operation of law. Brunsvold had been discharged from his probation by order of the court. The *Brunsvold* holding, which is consistent with *Lackey* and other persuasive authority, is that the court loses jurisdiction once the discharge from probation has occurred. As we read Wyo.Stat. § 7–13–305, a discharge by operation of law does not occur until thirty days after the expiration of the term of probation under Wyo.Stat. § 7–13–305(c). Under Wyo.Stat. § 7–13–305(d), the term of probation is tolled during the period of incarceration unless the conditions articulated in the statute are met and, in such an instance, the time of incarceration must be added to the period of probation before any discharge by operation of law can occur. In Jibben's case, the conclusion would be that revocation proceedings were commenced within the time provided by the statute. Under the circumstances, we need not address the retrospective application of the statutory amendments. As to the completion of the revocation proceedings, a reasonable time standard governs. *Reese v. State,* 866 P.2d 82 (Wyo.1993).

As previously noted, reliance upon *Brunsvold* by Jibben and Schaub depends upon their incorrect assumptions that their respective periods of probation had expired by operation of law. Whether that assumption is correct is the precise question presented in both cases. Despite the reliance upon language in *Brunsvold,* taken out of context, at the time the revocation proceedings were completed against Schaub and at the time the revocation proceedings were commenced against Jibben, neither Schaub nor Jibben had been discharged from probation by operation of law.

The Order After Revocation of Probation Hearing and Conviction Entered is affirmed in Case No. 94–119. In Case No. 94–146, the certified question is answered "no."