OPINION
Defendant Jack F. Seely appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which found he was no longer amenable to community control sanctions, revoked the sanctions and imposed a prison term. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENTS OF ERROR ONE
 THE COURT ERRED BY REVOKING THE DEFENDANT'S COMMUNITY CONTROL SANCTIONS AFTER THE COURT DID THE FOLLOWING: (1) DISMISSED THE PROSECUTOR'S MOTIONS ALLEGING THE DEFENDANT VIOLATED COMMUNITY CONTROL SANCTIONS: AND (2) FAILED TO MAKE A FINDING THAT THE DEFENDANT VIOLATED COMMUNITY CONTROL SANCTIONS.
ASSIGNMENT OF ERROR TWO
 THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE DEFENDANT WAS INCARCERATED FOR FIVE MONTHS DUE TO THE TRIAL COURT'S FAILURE TO HOLD A PRELIMINARY HEARING, FAILURE TO SET BOND, AND FAILURE TO HOLD A TIMELY HEARING.
ASSIGNMENT OF ERROR THREE
 THE COURT ERRED BY NOT AFFORDING THE DEFENDANT AN OPPORTUNITY [SIC] TO SPEAK ON HIS OWN BEHALF BEFORE THE COURT IMPOSED SENTENCE.
Appellant pled guilty to one count of complicity to breaking and entering, and was sentenced to community control sanctions on August 27, 1999. On August 19, 2000, appellant was arrested for driving under the influence of alcohol. As a result, the State moved to suspend community control sanctions because consumption of alcohol was a violation of the conditions of his community control.
On September 1, 2000, appellant was arraigned on various new charges and the court set bond. The court then ordered a psychological exam for appellant. On January 29, 2001, the court revoked community control sanctions and imposed an eleven month prison sentence.
 I
In his first assignment of error, appellant argues the court erred in revoking his community control sanctions because the court did not find appellant had violated the community control sanctions, and in fact had dismissed the motion to revoke alleging violations of the control sanctions.
The State's original motion alleged one act of consumption of alcohol in violation of the conditions of appellant's community control sanctions. Appellant filed a motion to dismiss the State's motion. Thereafter, the State amended its motion to include several acts of consumption of alcohol, non-compliance with treatment and possession of drug paraphernalia. The State also alleged appellant had attempted to contact his ex-wife, in violation of a no-contact order. In response, appellant again moved to dismiss the motion.
At the January 29, 2001 hearing, the court sustained appellant's latter motion, but found the earlier motion to dismiss was stale. The court then directed the State to proceed on its motion. The court later journalized an entry revoking appellant's community control sanctions, and never journalized any entry dismissing either of the State's motions.
Appellant urges when the court sustained his motion to dismiss, the action was over and the parties should not have proceeded.
Clearly, the court misspoke or intended to dismiss the earlier motion and proceed on the amended motion. It is obvious from the record it did not intend to dismiss the entire action. The court did not journalize a dismissal, and the court speaks only through its journal.
Further, appellant argues the court did not make a finding that appellant had violated the terms and conditions of his community control sanctions. Our review of the record leads us to conclude appellant is not correct. During the hearing, the prosecutor outlined the various violations, and the court noted appellant had been terminated from the addictions recovery program for non-compliance. The court also found he had been convicted of disorderly conduct. At the close of the hearing, the prosecutor asked appellant be held in the Delaware County jail pending trial on other counts. The court then inquired of appellant's counsel. Counsel stated "We agree with the termination of the probation." Counsel then asked the court not to incarcerate appellant until he was indicted on the new charges.
The court then found appellant had a "very big" substance abuse problem which precipitated him into anti-social behavior, which the court found was demonstrated throughout appellant's file. The court concluded appellant was not amenable to community control sanctions.
While the court did not make the specific finding appellant had violated the conditions of his community control sanctions, nevertheless it is quite clear from its remarks on the record regarding the evidence, that the court did in fact find appellant had violated the conditions.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the court erred and denied him due process of law because he was incarcerated for five months until the court held the preliminary hearing.
Part of the delay involved waiting for the results of appellant's psychological exam. After the final evaluation, appellant rejected the report and requested an independent evaluation. The court granted the request, and the matter was further delayed until a new report could be filed.
Additionally, it appears appellant was held not just on the probation violation charge, but also on various new charges.
In Gagnon v. Scarpelli (1973), 411 U.S. 778, the Ohio Supreme Court found a probationer or parolee is entitled to a preliminary hearing and a final revocation hearing before he may be incarcerated. Crim. R. 32.3 directs a court not to impose a prison term for a violation of the conditions of community control sanction or revoke probation except after a hearing at which the defendant shall be present and appraised of the grounds on which the action is proposed.
The State urges it is not necessarily error to have one hearing for both the preliminary hearing and revocation hearing. Further, concerns of fundamental fairness impose a requirement of reasonable diligence in the disposition of probation revocation proceedings. In State v. Carreker
(1987), 39 Ohio App.3d 112, the Court of Appeals for Clarke County held a delay of one and one-half years between the conviction of aggravated burglary and revocation of probation on a drug trafficking charge was not unreasonable because the violation, charge, hearing, and revocation all occurred well within the probation period originally imposed, and there was no prejudice because the defendant there was incarcerated on another charge.
We find the trial court did not deny appellant his right to due process of law under the facts and circumstances of this case.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant urges the court erred when it did not afford the appellant an opportunity to speak on his own behalf before the court imposed sentence.
The trial court's judgment entry on sentencing specifically states appellant was afforded the opportunity, and presented information to the court on his own behalf.
The third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. William B. Hoffman, J. concur.