**Leslie RENFROW, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Leslie Renfrow, pro se.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

In January, 1962, the appellant, Leslie Renfrow, pleaded guilty to the offense of voluntary manslaughter. He was sentenced to twenty-one years' imprisonment. While serving this sentence, he was granted parole but was thereafter returned to prison for parole violation. In September, 1969, he moved the circuit court to vacate the judgment of conviction and sentence for voluntary manslaughter. The trial court appointed counsel for Renfrow and a full evidentiary hearing was held on the motion to vacate (RCr. 11.42). The trial judge filed detailed findings of fact and conclusions of law which supported the order entered on the motion. The motion to vacate was denied. Renfrow filed a timely appeal to this court; he also filed a detailed brief with copious citations of authorities. We affirm the denial of post-conviction relief.

Renfrow was indicted for carnal knowledge of a female. While he was in jail awaiting disposition of this charge, he killed a fellow prisoner. He was then indicted for willful murder. His family retained an attorney to represent him. This attorney caused a mental examination and evaluation of Renfrow to be made. The examination established that he was antisocial but not psychotic; he was competent to stand trial. Renfrow decided to bargain for a guilty plea to a lesser offense than murder. According to Renfrow's testimony at the hearing on his motion to vacate, he wanted "to cop out for 15 years." The prosecutor wouldn't agree to 15 years, but did agree to dismiss the carnal knowledge charge and to not oppose a guilty plea to voluntary manslaughter for a sentence of twenty-one years. Renfrow was advised by his attorney at all stages of the negotiations and at the time of the entry

of the guilty plea. He pleaded guilty to voluntary manslaughter and was sentenced to twenty-one years' imprisonment; the indictment for carnal knowledge of a female was dismissed.

Renfrow's appeal for post-conviction relief is based on three grounds: first, that the attorney appointed for him in the RCr 11.42 proceedings should have perfected an appeal from the trial court's refusal to vacate the judgment; second, that he had inadequate representation at the time of the entry of his guilty plea; third, that his guilty plea was coerced and involuntary.

■ Renfrow did not request the trial judge or this court to afford him counsel on this appeal; while the attorney who was appointed is obligated to take an appeal in ordinary circumstances, Renfrow is not prejudiced. He perfected a timely appeal. He has filed a detailed brief in which many authorities are cited. We have carefully examined the transcript and record of the proceedings in the trial court. Renfrow has been afforded full appellate review. There is nothing counsel on appeal could do that would benefit Renfrow. The appeal is *completely without merit.*

■ Although he alleges that his attorney provided him inadequate representation at the time of his guilty plea, his testimony at the hearing on his motion to vacate was directly to the contrary, and the trial judge so found. The testimony of Renfrow and the attorney concerned established that he had diligent representation with which he was and is satisfied.

■ Renfrow claimed that he was taking some kind of "nerve medicine" at the time of his guilty plea. He said the medicine made him "drowsy." Nevertheless, he knew the nature of the charges against him, the possible penalties, and the advantages and disadvantages of his guilty plea. He had been found by experts competent to stand trial. Their conclusion is fortified by his admitted efforts to strike a bargain for lesser punishment than was possible.

This case simply presents a competent and adequately represented defendant who pleaded guilty and received lesser punishment for a lesser offense than that for which he stood charged. His motion for post-conviction relief is wholly without merit under the decisions of the United States Supreme Court in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed. 2d 785 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Renfrow and a shadowy amanuensis in the penitentiary, referred to by Renfrow in his testimony as "the guy in the penitentiary who writes up the writs" have caused the expenditure of considerable judge time on the trial and appellate levels by reason of unfounded, unproved, and in part recanted assertions of error. It is ironic to contemplate that some of those today who point with such righteous alarm to the critical problem of court delays in the administration of criminal justice are the same people whose past pronouncements are in no small way responsible for the development of the current intolerable situation whereby trial courts are so plagued and so over-supervised in the processing of unfounded and irresponsible claims of properly convicted criminals that they do not have sufficient time to expeditiously process the cases of persons who are accused of crime and are entitled to prompt and fair determination of guilt or innocence and a final disposition. Perhaps the answer is for the parole authorities to penalize unfounded applications for post-conviction relief, particularly in those instances where untrue statements of fact are made with knowledge of their falsity. Perhaps, indeed, the amanuensis should share equal responsibility with the appli-

cant in somewhat the same fashion that an attorney at law is answerable for knowingly asserting false statements in a pleading.

The judgment is affirmed.

All concur.