**James Russell WHEELER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

James Russell Wheeler, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

James Russell Wheeler, serving a life sentence at Eddyville for armed robbery, sought to vacate the judgment of conviction pursuant to motion. RCr 11.42. The motion was denied without an evidentiary hearing. Wheeler has appealed.

The present judgment properly could be affirmed because Wheeler has already prosecuted a similar motion, the overruling of which was affirmed by this court in an unpublished opinion rendered February 17, 1967.

In view of appellant's claim that his guilty plea was coerced because he had already given a coerced confession, this

opinion is to be published for guidance of the Bench and Bar on that point. No other point urged by appellant will be dealt with, since all of them are foreclosed by previous adjudication. Appellant was represented at his original trial by retained counsel. Appellant did enter a plea of guilty, but he contends that he was coerced in so doing. This claimed coercion was predicated upon his assertion that an illegal, involuntary confession had been wrung from him, making his guilty plea the only course open to him. This is a meritless claim.

In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, the Supreme Court dealt with this question. The Supreme Court held that a convict was not entitled to an evidentiary hearing upon a post-conviction motion attacking a judgment of conviction based on a guilty plea, merely on the assertion that the guilty plea (made with advice of counsel) had been motivated by a coerced confession. The Supreme Court pointed out that the movant had not shown that the guilty plea was coerced, merely by asserting that he so pleaded because he feared that his prior coerced confession left him no choice. It was noted in McMann v. Richardson, supra, that the admissibility of the allegedly coerced confession could have been tested at the original trial. When the defendant voluntarily enters a plea of guilty, he waives his right to challenge the admissibility of the confession.

That rationale governs the present appeal. See also: Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Messer v. Commonwealth, Ky., 454 S.W.2d 694; Harris v. Commonwealth, Ky., 456 S.W.2d 690; and Renfrow v. Commonwealth, Ky., 459 S.W.2d 93.

The appellee's motion to supplement the record (in order to bring up appropriate copies of the order overruling the instant motion, of the judgment of conviction, and of the trial court's order filing away other charges) is sustained, since these orders were all properly before the trial court and inadvertently omitted from the clerk's transcript of the record. RCr 12.60.

The judgment is affirmed.

All concur.