Perry BENNETT, a/k/a Jimmy Doyle, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1971.

Charles Shackelford, Shackelford, Burman & Thompson, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., Curtis L. Wilson, Asst. Atty. Gen., Frankfort,

Charles T. Walters, Commonwealth Atty., Winchester, George William Robbins, County Atty., Richmond, for appellee.

STEINFELD, Judge.

Perry Bennett alias Jimmy Doyle pleaded guilty to the offenses of storehouse breaking, possession of burglary tools, burglary of a safe and malicious striking and wounding with intent to kill. He was sentenced to terms of four years each on the first three charges and a five-year term on the malicious striking and wounding charge, all terms to be served consecutively. He petitioned for post-conviction relief under RCr 11.42 claiming that his pleas of guilty had been coerced and that he had been denied effective assistance of counsel. After response by the Commonwealth the court set the motion to vacate for hearing. Prior to the hearing date Bennett, with permission of the court, filed an amended motion to vacate. In the amendment he claimed " * * * that he was entitled to have the sentences * * * set aside as a matter of law for the reason that the trial court records failed to affirmatively show that (his) pleas of guilty were intelligently and knowingly entered."

After a full evidentiary hearing the court rendered an opinion in which it said in part "the court is of the further opinion that a man that has been five times tried, convicted and sent to the penitentiary doesn't come into circuit court as an innocent babe. He is not as pure as the wind-driven snow. This is a man that knows the ropes, that knows the procedures, * * *." Speaking of the services rendered by the two attorneys who represented Bennett when he pleaded guilty the court expressed confidence and concluded that adequate services had been supplied. The two lawyers had testified that Bennett acknowledged his guilt to all of the charges with the exception of the one of safe burglary, but the court expressed the opinion that with full ad-

vice Bennett had pleaded guilty to that crime as well and that all of the pleas were voluntarily made.

The court continued that the record made in the post-conviction proceedings established that Bennett " * * * had every constitutional safeguard to which he was entitled fully protected and regardless of what the record shows, it was a matter of knowledge." The court entered an order overruling the motion to vacate the judgment. From that order Bennett appeals asserting only that "The failure of the trial court records to affirmatively demonstrate that appellant knowingly and intelligently entered his guilty pleas requires that the sentences be vacated." Bennett relies primarily on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In each of the cases the record contains the indictment and an order noting formal arraignment, entry of plea and sentence. These orders reveal that Bennett personally appeared together with his attorney; that the clerk had delivered to the defendant a copy of the indictment and that Bennett had had opportunity to consult privately outside of the courtroom with his counsel. The orders also reveal that the court read the indictments in their entirety to Bennett and explained them to him in detail; that the court ascertained that Bennett had been adequately advised by his attorneys and that he fully understood the nature of the indictments against him. These orders show that after the foregoing had occurred Bennett entered his plea of guilty.

The Supreme Court said in Boykin v. Alabama, supra, relied on by appellant, that "So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." It noted that error occurred " * * * for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." The

Boykin opinion cited Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), in which it was held that "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." The court continued "We think that the same standard must be applied to determining whether a guilty plea is voluntarily made." We do not interpret that language to mean that a verbatim transcript is required and we hold that the orders entered by the trial judge more than met the test required by Boykin. Cf. Meller v. Swenson, 309 F.Supp. 519 (W.D.Mo.1969). As pointed out above the records show that the pleas of guilty were intelligently and understandingly made after all constitutional requirements had been fulfilled. Furthermore, proof at the evidentiary hearing conducted on the application for post-conviction relief also disclosed that Bennett was afforded all rights to which he was entitled.

The judgment is affirmed.

All concur.