**Joseph William LUCAS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 2, 1971.

Joseph William Lucas, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Joseph William Lucas, presently a prison inmate, sought post-conviction relief under RCr 11.42 in which he attacked the judgments imposing life sentences upon him pursuant to his pleas of guilty to two charges of armed robbery. His motion was denied without an evidentiary hearing.

The motion undertook to state eight separate grounds for relief. Without reciting these grounds in detail, it is appropriate to observe that all of them are purely conclusionary and vaporous. None of them presented any legal basis for affording an evidentiary hearing or granting the relief sought.

■ Appellant asserted as one of his claimed grounds for relief that his guilty plea was accepted without compliance with RCr 8.08. Such an assertion was insufficient in that it fell short of an affirmative statement that the guilty plea was involuntary or made without understanding of the nature of the charge. In seeking post-conviction relief, the movant must aver facts with sufficient specificity to generate a basis for relief. Cf. Parker v. Commonwealth, Ky., 465 S.W.2d 280, decided March 26, 1971; Wheeler v. Commonwealth, Ky., 462 S.W.2d 921; Bennett v. Commonwealth, Ky., 463 S.W.2d 331, decided February 12, 1971.

■ Trial judges are reminded of the vital importance of RCr 8.08 in the matter of accepting guilty pleas. Reference is had to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with RCr 8.08 will fulfill the dual purpose of having a judicial determination that the guilty plea is made voluntarily and understandingly, and providing an appropriate court record demonstrating those important facts.

The judgment is affirmed.

All concur.