Daniel Boyd KISER, Appellant/Cross–Appellee,

v.

COMMONWEALTH of Kentucky, Appellee/Cross–Appellant.

Nos. 91–CA–166–MR, 91–CA–217–MR.

Court of Appeals of Kentucky.

May 8, 1992.

Margaret Foley Case, Timothy Riddell, Frankfort, Maury D. Kommor, Louisville, for appellant/cross-appellee.

Chris Gorman, Atty. Gen., Frankfort, Thomas W. Dyke, Sp. Asst. Atty. Gen., Louisville, for appellee/cross-appellant.

Before EMBERTON, JOHNSON and WILHOIT, JJ.

WILHOIT, Judge.

Daniel Boyd Kiser appeals from a judgment of the Jefferson Circuit Court which denied his motion to vacate his sentence pursuant to RCr 11.42 and CR 60.02.

The appellant was indicted for theft by unlawful taking over $100 on November 10, 1982. On December 1, 1983, the appellant withdrew his original plea of "not guilty" and entered a plea of "guilty." He received a sentence of five years, which was probated. On May 14, 1985, the appellant was convicted of rape and being a persistent felony offender. The Commonwealth then moved to revoke his probation on the original conviction. The order revoking that probation was not entered until December 4, 1985. It provided that the five-year sentence would run consecutively to the 20–year sentence for the 1985 conviction.

The appellant argues that the trial court erred in finding that his December 1, 1983, guilty plea under Indictment No. 82–CR–1679 was constitutionally valid and, based on that finding, in denying his motion to vacate. The appellant contends that his plea was not made knowingly, voluntarily, and intelligently in violation of his state and federal constitutional rights. He argues that neither his attorney nor the court explained to him exactly what elements the prosecution would be required to prove in order to gain a conviction, and that counsel was ineffective in not informing him of the prosecution's burden to prove guilt beyond a reasonable doubt.

To sustain an allegation that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty, the defendant must prove the following:

(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Sparks v. Commonwealth,* Ky.App., 721 S.W.2d 726, 727–28 (1986), *citing Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The record contains a transcript of proceedings on defendant's plea of guilty, as well as a printed "Plea of Guilty" form and a "Certificate of Counsel." The transcript shows that the defendant was expressly informed of the rights guaranteed under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and questioned individually regarding his understanding of the ramifications of waiving each of these rights. The "Plea of Guilty" form, which enumerated the appellant's rights including those addressed in *Boykin, supra,* had been completed and signed by the defendant. The Certificate of Counsel, stating that counsel had fully explained to the appellant the allegations contained in the indictment and his constitutional rights and that in counsel's opinion the plea of guilty was voluntarily and understandingly made, was completed and signed by counsel. Further, in response to

the court's oral questions regarding whether counsel had explained to the appellant his rights and the nature of the alleged offense, counsel answered affirmatively. The appellant stated that he had conferred with his attorney about the case and that he was satisfied with counsel's services. There has been no showing sufficient to meet the test cited in *Sparks* that counsel's assistance was ineffective.

Clearly a guilty plea is valid only if it represents a voluntary and intelligent choice among the alternative courses of action open to a defendant. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A particular plea's validity is determined from the totality of the circumstances surrounding its making, not by reference to some magic incantation recited at the time it was taken. *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978). A review of the record indicates that the requirements of *Boykin, supra,* were satisfied by the procedure as described above. *See Commonwealth v. Crawford,* Ky., 789 S.W.2d 779 (1990). We conclude that the appellant intelligently and knowingly pleaded guilty.

On cross-appeal, the Commonwealth contends that the court erred in vacating the December 4, 1985, revocation of the appellant's probation. That order was based on the finding that the revoking court was without jurisdiction to so act under the provisions of KRS 533.040(3) because the grounds for the revocation came to the attention of the Corrections Cabinet not later than May 15, 1985, and the order was entered more than 90 days later. KRS 533.040(3) provides as follows:

A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison or parole term for another offense to which the defendant is or becomes subject during the period, unless such sentence of probation or conditional discharge is revoked. Such revocation must take place prior to parole under or expiration of the sentence of imprisonment or within ninety days after the grounds for revocation come to the attention of the corrections cabinet, whichever occurs first.

The court found the 90–day period during which revocation must occur pursuant to this statue began on May 15, 1985. It noted that although the prosecution's motion for revocation was timely filed, the revocation hearing and order of revocation did not take place until well beyond the statutory deadline. Thus it concluded that the court was without jurisdiction to revoke the appellant's probation when it acted to do so on December 4, 1985. In its order vacating the revocation the court stated the following:

Where words in a statute are clear and unambiguous and express legislative intent, there is no room for construction, and, the statute must be accepted as it is written. *Manning v. Kentucky Board of Dentistry,* Ky.App., 657 S.W.2d 584 (1983). Since [the appellant's] revocation of probation was contrary to the plain language of the statute, the December 4, 1985, order of revocation must be vacated. The clear and unambiguous language of KRS 533.040(3), provided that *unless the specified time limits therein are satisfied, a sentence of probation may not be revoked,* even if a defendant commits a subsequent offense while on probation.

(Emphasis added.)

The Commonwealth argues that KRS 533.-040(3) was not intended to set a time limit within which a court must exercise its jurisdiction to revoke probation but is intended to limit the circumstances under which a revoked sentence of probation can be ordered to run consecutively to a sentence of imprisonment to which the defendant already is, or later becomes, subject during the period of probation. According to the Commonwealth, a probated sentence can be revoked at any time prior to the termination of probation under the authority of KRS 533.020(1) which provides as follows:

When a person who had been convicted of an offense or who has entered a plea of guilty to an offense is not sentenced to imprisonment, the court shall place him on probation if he is in need of the supervision, guidance, assistance or di-

rection that the probation service can provide. Conditions of probation shall be imposed as provided in KRS 533.030, but the court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, *revoke the sentence at any time prior to the expiration or termination of the period of probation.*

(Emphasis added.)

KRS 533.050 further provides that the court may at "any time before the discharge of the defendant or the termination of the sentence of probation" summon a probationer to appear before it upon probable cause to believe that he or she has failed to comply with a condition of the sentence.

The 1974 Commentary to the Kentucky Penal Code comments upon KRS 533.040(3) as follows:

Subsection (3) is designed to eliminate a problem that could exist with probation or conditional discharge sentences which are followed by a subsequent conviction for a separate offense. When this situation arises, authorities could wait until the defendant has served his prison sentence for the subsequent offense and then seek revocation of his prior sentence of probation or conditional discharge and reinstate his prior sentence of imprisonment. *It is the purpose of this subsection,* which is borrowed from the proposed Michigan Revised Criminal Code, § 1330, and the proposed Federal Criminal Code, § 3104, *to prohibit such a practice unless the authorities act to revoke the prior sentence of probation or conditional discharge before the defendant has completed his imprisonment under the subsequent sentence.* This provision would seem to be especially important in the event of a release of the defendant from prison on parole. Such a release contemplates a rehabilitation of the defendant or at least a chance to live a non-deviant existence. It also contemplates supervision of the defendant by the department of corrections.

With such a release, a clean slate for the offender would serve a useful rehabilitative function. Subsection (3), like the preceding ones, is new to Kentucky law.

(Emphasis added.)

The Commentary thus appears to support the Commonwealth's position as does the statutory scheme in KRS Chapter 533 when read as a whole. KRS 533.040, as its heading implies, and in spite of its being rather inartfully written, appears to us to be intended to deal with the calculation of periods of time for the running of sentences of probation or conditional discharge rather than setting a time limitation beyond which a court has no jurisdiction to revoke probation.

■ Whether there may or may not be any practical difference to the appellant, we conclude that the court which revoked the appellant's probation had jurisdiction to do so, but that it could not legally order the sentence imposed upon revocation to run consecutively to the conviction for rape and being a persistent felon because revocation took place more than 90 days after the grounds for revocation came to the attention of the Corrections Cabinet. That sentence upon revocation must run concurrently with the sentence for the May 14, 1985, conviction. KRS 533.040(3); *cf. Gavel v. Commonwealth,* Ky., 674 S.W.2d 953 (1984).

We affirm that portion of the court's judgment which found that the appellant's guilty plea was constitutionally valid, and we reverse that portion which found that the appellant's probation was improperly revoked. We remand this case for further proceedings consistent with this opinion.

All concur.