RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1373-MR

TIMOTHY WATKINS                                                    APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 19-CR-000355

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  Timothy Watkins, *pro se*, appeals from an order of

the Jefferson Circuit Court which denied his Kentucky Rules of Criminal

Procedure (RCr) 11.42 motion in which he alleged ineffective assistance of trial

counsel.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2019, Appellant was indicted for multiple crimes relating to child pornography. On October 23, 2019, Appellant pleaded guilty to some of these charges and was sentenced to twenty years in prison. On October 5, 2022, Appellant filed the underlying RCr 11.42 motion in which he raised numerous allegations of ineffective assistance of counsel. The trial court denied the motion without holding a hearing and this appeal followed.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth

Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case.

Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065-66 (citations omitted).

Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." An evidentiary hearing is only required "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record."

*Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (citations omitted).

We must also consider that this case involves a guilty plea.

A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the

record reveals that the plea was voluntarily made."
While "[s]olemn declarations in open court carry a strong
presumption of verity," "the validity of a guilty plea is
not determined by reference to some magic incantation
recited at the time it is taken[.]" The trial court's inquiry
into allegations of ineffective assistance of counsel
requires the court to determine whether counsel's
performance was below professional standards and
"caused the defendant to lose what he otherwise would
probably have won" and "whether counsel was so
thoroughly ineffective that defeat was snatched from the
hands of probable victory." Because "[a] multitude of
events occur in the course of a criminal proceeding which
might influence a defendant to plead guilty or stand
trial," the trial court must evaluate whether errors by trial
counsel significantly influenced the defendant's decision
to plead guilty in a manner which gives the trial court
reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

## ANALYSIS

Appellant's first argument on appeal is that he was denied effective assistance when his trial counsel was unprepared for trial. Appellant's trial was scheduled for October 21, 2019. When Appellant and his counsel appeared on that day, trial counsel indicated that he was not prepared because he believed this was the final pretrial date and not the day of trial.

Appellant suffered no prejudice here. Defense counsel informed the trial court that there was a tentative plea agreement and that Appellant wanted to discuss the agreement with his wife. Defense counsel also stated that he could be ready for trial by the next week if the plea agreement was not accepted. The trial

-5-

court continued the case for two days so the plea could be either accepted or declined. The court then went on to say that if no agreement was reached a new trial date could be scheduled. Appellant went on to accept the plea agreement. As the case was continued and a new trial date was available, there was no prejudice to Appellant.

Appellant also argues that defense counsel was ineffective because he failed to investigate the case. He raises multiple issue regarding the failure to investigate and we will address each one in turn. First, he claims that counsel failed to investigate false statements a detective made to the grand jury. Appellant claims some of the pictures and videos described by the detective to the grand jury did not exist.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. "A reasonable investigation is not an investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct. The investigation must be reasonable under all the circumstances." *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky.

2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) (citations omitted).

Appellant believes trial counsel did not investigate this issue because the case file provided to Appellant by his counsel did not contain any notes regarding it. We do not believe this allegation is sufficient to support this argument. "In seeking post-conviction relief, the movant must aver facts with sufficient specificity to generate a basis for relief." *Lucas v. Commonwealth*, 465 S.W.2d 267, 268 (Ky. 1971).

In addition, an email contained in the record from defense counsel indicates that it would be the jury's job to determine what pictures and videos constituted child pornography. We believe this indicates that defense counsel knew that challenging the evidence would be the best trial strategy. Furthermore, as the Commonwealth points out in its brief, the appropriate place to challenge the detective's prior testimony would be at trial. Trial counsel was not ineffective here.

Appellant next claims that trial counsel did not investigate the fact that Appellant lived a nudist lifestyle, which would have indicated the pictures found in Appellant's possession were not sexual in nature. This argument is without merit. The email from defense counsel mentioned above also described how counsel had contacted the American Association for Nude Recreation and

sought information from that group. This shows that defense counsel did investigate Appellant's nudist lifestyle.

Next, Appellant argues that trial counsel did not investigate the fact that the other party with whom Appellant was exchanging pictures, was the one who initiated contact with Appellant. Appellant was allegedly contacted by another person, referred to as Sandra, over the internet. Appellant claims that if counsel had reviewed their conversations, he would have discovered that Sandra initiated contact and that Appellant turned down Sandra's requests to photograph his children.

We also believe this argument is without merit. Appellant does not indicate why he believes defense counsel did not consider investigating Sandra. Appellant states in his brief that, after he entered the plea agreement, he was supplied with the messages between Sandra and himself. He does not indicate if these messages came from the Commonwealth, defense counsel, or some other source. In addition, regardless of Sandra's involvement, the fact remains that Appellant received and kept images that authorities believed to be child pornography. Sandra's involvement here is mostly irrelevant to Appellant's case. There are no specific facts to suggest defense counsel was ineffective here.

Appellant also argues that defense counsel was ineffective for not investigating Sandra to determine if this was a case of entrapment. Again, this

argument is without merit. There are no facts or even inuendo which suggest Sandra was an agent of law enforcement.

Appellant also claims that counsel was ineffective because he did not investigate whether the images that were alleged to be child pornography actually depicted images of a minor in a sexual performance. Kentucky's child pornography laws revolve around sexual performance of minors. *See* Kentucky Revised Statutes (KRS) 531.300 *et seq.* Appellant argues that the pictures in question did show nude minors, but the pictures were not sexual in nature. This argument is also without merit. As previously stated, the record indicates that defense counsel knew that challenging the pictures was going to be the main defense in this case. There is no evidence that counsel did not review the pictures.

Appellant's final claim revolving around a lack of investigation is that counsel generally failed to investigate the case and understand that Appellant lived a nudist lifestyle and was sent pictures he did not request. This issue lacks any specificity or supporting facts; therefore, we decline to address it. *Lucas*, *supra*.

Appellant next argues that counsel was ineffective for failing to raise an argument of double jeopardy. Appellant was charged with promoting a sexual performance of a minor, KRS 531.320, and the distribution of matter portraying a sexual performance by a minor, KRS 531.340. He claims that because these

charges arose out of the same course of conduct, he was subject to double jeopardy.

> We conclude there was no double jeopardy violation here.
>
> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Pursuant to this test, [a] defendant is put in double jeopardy when he is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other.

*Johnson v. Commonwealth*, 553 S.W.3d 213, 218 (Ky. 2018) (internal quotation marks and citations omitted).

KRS 531.320(1) states: "A person is guilty of promoting a sexual performance by a minor when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a minor." KRS 531.340 states in relevant part:

> (1) A person is guilty of distribution of matter portraying a sexual performance by a minor when, having knowledge of its content and character, he or she:
>
> (a) Sends or causes to be sent into this state for sale or distribution; or
>
> (b) Brings or causes to be brought into this state for sale or distribution; or
>
> (c) In this state, he or she:
>
> 1. Exhibits for profit or gain; or

-10-

2. Distributes; or

3. Offers to distribute; or

4. Has in his or her possession with intent to distribute, exhibit for profit or gain or offer to distribute, any matter portraying a sexual performance by a minor.

(2) Any person who has in his or her possession more than one (1) unit of material coming within the provision of KRS 531.300(2) shall be rebuttably presumed to have such material in his or her possession with the intent to distribute it.

Here, both statutes have different elements and neither is a lesser-included offense of the other; therefore, there was no double jeopardy violation.

Appellant next argues that he received ineffective assistance of counsel when counsel did not accurately present a plea offer to him. Appellant alleges that he was offered an eleven-year sentence and would have to serve 85% before being eligible for parole; however, he then claims that 4 days later that plea offer was withdrawn and he was offered a new plea agreement with a twenty-year sentence that would require him serve 20% before he was eligible for parole. Again, this argument lacks facts to support it. *Lucas*, *supra*. There is no evidence in the record showing an earlier plea offer and Appellant provides no information surrounding the earlier plea offer or its withdrawal. Ultimately, Appellant agreed to the twenty-year plea agreement and changed his plea to guilty in open court. There is no evidence that trial counsel was ineffective here.

Appellant's final argument on appeal is that he was denied effective assistance of counsel due to the cumulative effect of defense counsel's errors. As we have previously found no error on behalf of defense counsel, there can be no cumulative error. *McQueen v. Commonwealth*, 721 S.W.2d 694, 701 (Ky. 1986).

## CONCLUSION

Based on the foregoing, we conclude that Appellant received effective assistance of counsel and affirm the judgment of the Jefferson Circuit Court.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Timothy Watkins, *pro se*                    Daniel Cameron
La Grange, Kentucky                          Attorney General of Kentucky

                                             Jenny L. Sanders
                                             Assistant Attorney General
                                             Frankfort, Kentucky