RENDERED: JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0264-MR

WILLIAM C. LINDSEY                                            APPELLANT

APPEAL FROM OHIO CIRCUIT COURT
v.             HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 20-CR-00154

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: William C. Lindsey, *pro se*, brings this appeal from a

February 14, 2023, order of the Ohio Circuit Court summarily denying his

Kentucky Rules of Criminal Procedure (RCr) 11.42 motion, to vacate the judgment

and set aside the sentence of imprisonment pursuant to RCr 11.42.[1]  We affirm.

---

[1] William C. Lindsey concomitantly filed in the Ohio Circuit Court a motion to withdraw his guilty plea and requested a trial.  The circuit court's February 14, 2023, order denied his request for a trial.

On August 20, 2020, Lindsey was indicted by an Ohio County Grand Jury upon sixty-six counts stemming from allegations of sexual abuse he perpetrated against his daughter and stepdaughter. More particularly, Lindsey was indicated upon four counts of incest-forcible compulsion/incapable of consent or under 18; two counts of rape in the first degree; two counts of sodomy in the first degree; two counts of sexual abuse in the first degree, victim under 12 years of age; two counts of sexual abuse in the first degree; four counts of incest; twenty counts of incest-forcible compulsion/incapable of consent or under 18; ten counts of rape in the first degree; ten counts of sodomy in the first degree; four counts of sexual abuse in the first degree; three counts of use of a minor under 16 in a sexual performance; and three counts of use of a minor under 18 in a sexual performance.

Pursuant to a plea agreement with the Commonwealth, Lindsey ultimately pleaded guilty to four counts of rape in the first degree. By Formal Sentencing Order entered November 19, 2020, Lindsey was sentenced to twenty years upon each on the four counts of first-degree rape. The sentences were ordered to run concurrently for a total sentence of twenty-year's imprisonment.

On July 12, 2022, Lindsey filed a motion pursuant to RCr 11.42 to vacate the judgment and set aside his sentence, a motion for an evidentiary hearing, a motion to proceed *informa pauperis* on appeal, and a motion for appointment of appellate counsel. By order entered February 14, 2023, the circuit court denied

Lindsey's motion to vacate the judgment and set aside his sentence and his motion for an evidentiary hearing. Lindsey filed a *pro se* notice of appeal and the circuit court granted Lindsey's motion to proceed *informa pauperis*, appointing the Department of Public Advocacy (DPA) to represent Lindsey on appeal. Subsequently, DPA moved this Court to withdraw from representing Lindsey upon determination that this postconviction proceeding is not one that a reasonable person with adequate means would bring at their own expense. The motion was granted by Order entered June 30, 2023, and Lindsey was directed to file his *pro se* brief.

On appeal, Lindsey contends that the circuit court committed error by denying his RCr 11.42 motion to vacate his sentence without an evidentiary hearing. Lindsey asserts that trial counsel was ineffective for advising him to enter a plea of guilty pursuant to a plea agreement with the Commonwealth. The premise of Lindsey's argument is that he pleaded guilty "under a false pretense," as trial counsel "made it seem that [Lindsey] had no defense to false allegations of his daughter, even when she said the charges allegedly occurred over a decade ago, and only after [Lindsey] had refused to fall for the continued attempt to obtain money" from him following the sale of his farm. Lindsey's Brief at 4.

To prevail upon a claim of ineffective assistance of counsel, a defendant must demonstrate that trial counsel's assistance was ineffective and that

such ineffectiveness resulted in actual prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). If defendant has entered a guilty plea, he must specifically demonstrate that except for counsel's ineffective assistance he would not have pleaded guilty but would have insisted upon going to trial. *Kiser v. Commonwealth,* 829 S.W.2d 432, 433 (Ky. App. 1992). And, defendant is entitled to an evidentiary hearing upon his RCr 11.42 motion if his allegations of error cannot be refuted upon the face of the record. *See Fraser v. Commonwealth,* 59 S.W.3d 448, 452 (Ky. 2001). In this case, we believe Lindsey's contentions of error are refuted upon the face of the record.

Lindsey was indicted upon sixty-six counts of incest, rape, sodomy, sexual abuse, and use of minor in a sexual performance stemming from allegations made by his daughter and stepdaughter. Lindsey confessed to a detective and to one of the victims, and these confessions were tape recorded. Furthermore, if Lindsey had proceeded to trial and had been convicted of the sixty-six counts upon which he was indicted, many of the sentences would have been ordered to run consecutively (Kentucky Revised Statutes (KRS) 532.110(1)(d)). Thus, Lindsey could have faced up to seventy-years' imprisonment. (KRS 532.110(1)(c)). As such, trial counsel's advice to plead guilty to four felonies, for a total sentence of twenty-years' imprisonment does not indicate deficient performance.

Lindsey also asserts that trial counsel was ineffective for failing to investigate the case and interview six witnesses Lindsey had identified. Unfortunately, Lindsey failed to identify what the witnesses would have testified to and only stated that "[t]hese witnesses are not exhaustive, as Mr. Lindsey was well known through the county, as a coach and [grocery] store businessman." Lindsey's Brief at 6. Based upon Lindsey's vague and unsubstantiated claims concerning these witnesses' testimony, Lindsey has failed to establish how he was prejudiced by counsel's advice to plead guilty. *See Strickland*, 466 U.S. at 687. We thus reject this contention of error.

For the foregoing reasons, the order of the Ohio Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

William C. Lindsey, *Pro Se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Jeffrey A. Cross
Assistant Attorney General
Frankfort, Kentucky