RENDERED: JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1417-MR

SHELMONTAY J. ADAMS                                           APPELLANT

APPEAL FROM NELSON CIRCUIT COURT
v.       HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 17-CR-00201

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Shelmontay J. Adams, *pro se*, brings this appeal from an

October 31, 2022, Order of the Nelson Circuit Court denying his Rule of Criminal

Procedure (RCr) 11.42 motion without an evidentiary hearing. We affirm.

On May 17, 2017, Adams was indicted by a Nelson County Grand

Jury upon complicity to commit murder and complicity to commit first-degree

robbery. The indictment followed the shooting death of a seventeen-year-old male

whose body was pulled out of a vehicle and left in a gas station parking lot. The

victim was pronounced dead at the scene. In addition to Adams, three other individuals were also indicted upon charges related to this crime.

On July 10, 2018, Adams and his three co-defendants participated in a criminal mediation session with the Commonwealth. As a result of the mediation, Adams pleaded guilty to complicity to commit murder and complicity to commit first-degree robbery. By Final Judgment of Conviction entered July 11, 2018, Adams was sentenced to a total of twenty-five-years' imprisonment.

On June 18, 2021, Adams, *pro se*, filed a motion pursuant to RCr 11.42, a motion for appointment of counsel, and a motion for an evidentiary hearing. The circuit court appointed the Department of Public Advocacy (DPA) as counsel for Adams. However, DPA subsequently filed a motion to withdraw as counsel after determining that the post-conviction motion was not a proceeding a reasonable person of adequate means would be willing to pursue at his or her own expense. The court granted DPA's motion to withdraw. Adams, *pro se*, filed a supplement to his RCr 11.42 motion. By order entered October 31, 2022, the circuit court denied Adams' RCr 11.42 motion without an evidentiary hearing. This appeal follows.

In Kentucky, an ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail upon an ineffective assistance of counsel claim, movant must demonstrate that trial counsel's assistance was ineffective and that such ineffectiveness resulted in actual prejudice. *Id.* at 692-93. As movant entered a guilty plea, he must specifically demonstrate that except for counsel's ineffective assistance he would not have pleaded guilty but would have insisted upon going to trial. *Kiser v. Commonwealth*, 829 S.W.2d 432 (Ky. App. 1992). And, movant is entitled to an evidentiary hearing upon his RCr 11.42 motion if his allegations of error cannot be refuted upon the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). In this case, we believe movant's contentions of error are refuted upon the face of the record.

Adams contends the circuit court erred by denying his RCr 11.42 motion without an evidentiary hearing. More particularly, Adams asserts that trial counsel was ineffective for failing to investigate or challenge the sufficiency of the search warrant where "officers failed to state who executed the [s]earch [w]arrant, and also failed to provide the execution date and time." Adams' Brief at 8.

In the case *sub judice*, Adams' contention of error regarding the search warrant is clearly refuted upon the face of the record. On April 25, 2018, the Commonwealth filed a Supplemental Compliance and attached thereto copies of the search warrants and the affidavits used to obtain same. Trial Record at 88-105. From an examination of the search warrants it is clear the search warrants

were executed by Detective Travis Begley of the Kentucky State Police Drug Task Force on May 15, 2017, at 13:10 hours. Accordingly, Adams' contention that the search warrants were deficient for failure to identify the officer executing the search warrants and the date and time thereof is refuted upon the face of the record.

Adams also contends that the circuit court erred by attaching the search warrants, which were issued in Taylor District Court, to the October 31, 2022, order of the Nelson Circuit Court denying his RCr 11.42 motion. A review of the record reveals that the search warrants were properly included in the Nelson Circuit Court record as attachments to the Commonwealth's Supplemental Compliance on April 25, 2018. Therefore, even if the trial court erred, we cannot say that any prejudice resulted.

Adams lastly contends that trial counsel was ineffective for failing to request a competency hearing. The entirety of Adams' claim is that he "suffered from depression, anxiety, bipolar, ADHD, PTSD and experienced black outs." Adams' Brief at 13. Thus, Adams believes trial counsel should have requested a competency hearing.

Adams did not produce any evidence to demonstrate that he suffered from any of the above-mentioned mental health issues. Adams did acknowledge going to Pathways for treatment and counsel added that he was diagnosed with ADHD and was prescribed medicine to treat the ADHD during middle school and

-4-

high school. Adams failed to identify or explain how this alleged diagnosis would have affected his mental competency to enter a guilty plea in this case.

When seeking post-conviction relief, appellant "must aver facts with sufficient specificity to generate a basis for relief." *Lucas v. Commonwealth*, 465 S.W.2d 267, 268 (Ky. 1971). It is well established that bare and conclusory allegations of error do not justify an evidentiary hearing or relief under RCr 11.42. *Sanborn v. Commonwealth*, 975 S.W.2d 905 (Ky. 1998), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 157 (Ky. 2009). Furthermore, a motion made pursuant to RCr 11.42 "does not require a hearing to serve the function of a discovery deposition" and, unsupported conclusory allegations cannot justify a hearing. *Id.* at 909. Accordingly, we believe Adams' allegation of error as to his mental competency was not sufficiently specific to require an evidentiary hearing.

We view any remaining contentions of error as moot or without merit. For the foregoing reasons, the October 31, 2022, order of the Nelson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shelmontay J. Adams, *Pro Se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky